FILED & JUDGMENT ENTERED
David E. Weich

Jun 28 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_____
Marvin R. Wooten
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

IN RE:                              )    Case No. 06-30334
                                    )    Chapter 13
**JAMES MICHAEL ROBINETTE**         )
**TAMMY HARTSELL ROBINETTE,**       )
                                    )
            Debtors.                )
_____)

**ORDER**

This matter comes before the court upon the Objection to Confirmation of Sharonview Federal Credit Union ("Sharonview"). Sharonview objected to confirmation of the debtors' Chapter 13 plan because it fails to provide for full payment of the remaining balance due under a contract for the sale of a vehicle to the debtors that was entered into within the 910 days preceding the filing of the petition. After consideration of the matter, the court has concluded that Sharonview's claims must be paid in full with interest at the Trustee's Formula or Till Rate[1]

---

[1] The Trustee's Formula or Till Rate is defined in the Administrative Order Regarding Interest Rates in Chapter 13 Cases entered by this court on January 27, 2005.

**FINDINGS OF FACT**

1. On September 21, 2004, the male debtor purchased a 1999 Chevrolet C3500 truck pursuant to an installment sales contract (the "Contract"), which was subsequently assigned to Sharonview.

2. Under the terms of the Contract, Sharonview has a senior perfected first lien on the truck.

3. On March 7, 2006, the debtors filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code.

4. As of the date of the petition, the debtors owed Sharonview $18,150.69 under the Contract, plus interest at the rate of 9.49% per annum.

5. The debtors' Chapter 13 Plan proposes to allow Sharonview a secured claim in the amount of $15,210 — an amount that is less than that which is contractually due. Sharonview objected to confirmation of the debtors' plan arguing that it is entitled to payment in full of the balance due under the Contract, with interest at the Trustee's Formula Rate. Sharonview asserts that pursuant to the "hanging paragraph" after 11 U.S.C. § 1325(a)(9), the debtors are not entitled to the "cramdown" provided by § 506 because: (1) it has a purchase money security interest in the truck which secures the debt which is the subject of the Contract; (2) the debt was incurred

within the 910 days preceding the petition date; and (3) the truck was acquired for the personal use of the debtors.

6.  The debtors sought to have the court adopt the reasoning of In re Carver, 338 B.R. 521 (Bankr. S.D. Ga. 2006), and treat Sharonview's 910 claim as a special class of claims which should be allowed in full without providing for interest on the claim.

## CONCLUSIONS OF LAW

7.  Judges for Bankruptcy Courts in the Middle and Eastern Districts of North Carolina have addressed the effect of the "hanging paragraph" of § 1325(a)(5), which was added to the Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  In In re Brooks, Case No. 05-10644-8-JRL (Bankr. E.D.N.C. June 9, 2005), Judge Leonard held that a 910 claim may be an allowed secured claim for the purposes of § 1325(a)(5), regardless of the inapplicability of § 506.  In addition, Judge Leonard found that 910 claims cannot be bifurcated and should be allowed in the amount of the balance owed as of the petition date.  See In re Brooks at 7 (citing In re Fleming, 339 B.R. 716, 722 (Bankr. E.D. Mo. 2006).  Finally, Judge Leonard ruled that interest should be paid on the 910 claim at the Till rate.

3

8. Similarly, Judge Carruthers held that debtors must pay 910 claims in full with interest at the <u>Till</u> rate in <u>In re Shaw</u>, Case No. 05-84059 (Bankr. M.D.N.C. May 11, 2006).

9. This court agrees with and adopts the reasoning of Judges Leonard and Carruthers in the above-referenced cases. Consistent with those cases, this court holds that the debtors' plan must provide for payment in full of Sharonview's secured claim with interest calculated at the Trustee's Formula Rate. Accordingly, the court sustains Sharonview's Objection to Confirmation and allows the debtors 30 days from the entry of this order to file a plan consistent with the terms of this Order.

It is therefore **ORDERED** that:

1. Sharonview's Objection to Confirmation is SUSTAINED.

2. The debtors have 30 days from the entry of this order to file a plan consistent with the terms of this Order.

**This Order has been signed electronically.**     **United States Bankruptcy Court**
**The judge's signature and court's seal**
**appear at the top of the Order.**